

# The Attorney General of Texas

**JIM MATTOX**
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1001 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

August 23, 1985

Ms. Joyce A. Hammer
Executive Director
Board of Vocational Nurse
  Examiners
1300 East Anderson Lane
Building C, Suite 285
Austin, Texas   78752

Opinion No.  JM-344

Re:  Meaning of "approved course
of not less than 12 months" for
purposes of the Licensed Voca-
tional Nurse Act, article 4528c,
V.T.C.S.

Dear Ms. Hammer:

You have requested our assistance to clarify the meaning of certain language in the Licensed Vocational Nurse Act, article 4528c, V.T.C.S. Specifically, you ask whether subsection 6(a) of the act, providing that an applicant for the licensing examination administered by the Board of Vocational Nurse Examiners submit proof that the applicant "has completed an approved course of not less than twelve (12) months in an approved school for educating vocational nurses," literally requires that the course be of at least 12 months in duration.

Your concerns about the 12-month minimum educational requirement of article 4528c stem from what you describe as the trend in most states (including Texas) to remove vocational nurse training from the hospital setting to the academic setting. In light of this trend, you suggest that these programs cannot be literally described as being 12 months in duration.

The guiding rule of statutory construction is to give effect to the intention of the legislature. City of Sherman v. Public Utility Commission of Texas, 643 S.W.2d 681, 684 (Tex. 1983). In general, statutory time provisions are construed strictly, for the simple reason that such requirements are clear and unambiguous and therefore leave little doubt of the legislature's intent. See, e.g., Attorney General Opinions JM-278 (1984) (statute requiring five years' active professional experience "immediately preceding" license application means five years nearest to the date of filing of the application); JM-107 (1983) (a jail sentence of 72 hours requires prisoner to be released upon expiration of that period or as close to that time as is practicable); H-840 (1976) (former section 4(c) of article 4528c, requiring director of training to "have had at least five (5) years

experience in teaching nursing . . ." must be applied and enforced as it reads regardless of the "justice of its effect").

Article 4528c was substantially amended in 1981. Acts 1981, 67th Leg., ch. 787, at 2990. Subsection 6(a) was amended to eliminate the need for an applicant for examination to submit proof of certain personal qualifications -- _e.g._, age, character, physical and mental condition, and citizenship. _See_ S.J. of Tex., 67th Leg., 2238, 2244 (1981). The language requiring proof of the applicant's successful completion of an approved course in vocational nursing was only slightly modified; however, the 12-month minimum course requirement was left intact. _Id._ Sections 6 and 7 were amended once more during the last legislative session. House Bill No. 823. Acts 1985, 69th Leg., ch. ___, at ___ (not yet published). Once again, the 12-month durational requirement was preserved. _Id._ Consequently, because the legislature is presumed to be acquainted with conditions affecting the subject matter of legislation, _Brown v. Memorial Villages Water Authority_, 361 S.W.2d 453 (Tex. Civ. App. - Houston [14th Dist.] 1962, writ ref'd n.r.e.), we must presume that the legislature intended the 12-month provision to remain in effect, notwithstanding the trend to conduct vocational nurse training in the classroom rather than in the hospital.

Article 4528c clearly prescribes the minimum duration of an approved course in vocational nursing. The board may not waive the 12-month minimum educational requirement, for it is clear that an administrative agency may not waive statutory requirements in the licensing process. Attorney General Opinion MW-131 (1980). Furthermore, the board may not create an exception for any institution, either by rule or agreement, in any circumstance not expressly authorized by article 4528c. _See_ V.T.C.S. art. 4528c, §§6(b), 7. _See also Boss International, Inc. v. General Portland, Inc._, 670 S.W.2d 771 (Tex. App. - Austin 1984, no writ) (where the legislature states a specific exception to a statute, legislative intent that statute should apply in all cases not excepted is clear).

Accordingly, subsection 6(a) must be administered as it reads regardless of the "justice of its effect." Attorney General Opinion H-840 (1976). Furthermore, because we believe the wording of article 4528c, subsection 6(a) is clear and unambiguous, it must be given a literal interpretation and any defects or deficiencies must be corrected by the legislature and not this office. _See Armstrong v. Harris County_, 669 S.W.2d 323 (Tex. App. - Houston [1st Dist.] 1983, writ ref'd n.r.e.).

## S U M M A R Y

The 12-month minimum educational requirement of article 4528c, subsection 6(a), requires that an approved course in vocational nursing amount to at least 12 months of instruction.

Very truly yours

JIM MATTOX
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

ROBERT GRAY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Rick Gilpin
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
Colin Carl
Susan Garrison
Tony Guillory
Jim Moellinger
Jennifer Riggs
Nancy Sutton
Sarah Woelk